IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| TAMMIE PRISELAC, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE CHEMOURS COMPANY FC, LLC, THE CHEMOURS COMPANY, E.I. DUPONT DE NEMOURS AND COMPANY, INC., E.I. DUPONT CHEMICAL CORPORATION, CORTEVA, INC., DUPONT DE NEMOURS, INC., ELLIS H. MCGAUGHY, BRIAN D. LONG, AND MICHAEL E. JOHNSON,<br><br>Defendants. | **Civil Case No.:** 7:20-cv-00190 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants The Chemours Company FC, LLC and The Chemours Company ("Chemours") and E.I. DuPont de Nemours and Company hereby remove this action, currently pending in the Superior Court of Bladen County, North Carolina, Case No.: 20-CVS-499, to the United States District Court for the Eastern District of North Carolina, pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 on the grounds that federal diversity jurisdiction exists under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA").

## BACKGROUND

1. On September 15, 2020, Plaintiff Tammie Priselac filed a Class Action and Individual Complaint and Request for Jury Trial ("Complaint") as a putative class action in the Superior Court of Bladen County, North Carolina, naming The Chemours Company FC, LLC; The Chemours Company; E.I. DuPont de Nemours and Company, Inc. ("DuPont"); E.I. DuPont

Chemical Corporation ("DuPont Chemical"); Corteva Inc. ("Corteva"); DuPont de Nemours, Inc. ("DuPont Inc."); Ellis H. McGaughy ("McGaughy"); Brian D. Long ("Long"); and Michael E. Johnson ("Johnson") as Defendants.

2. In accordance with 28 U.S.C. § 1446(a), a true and accurate copy of the state-court file, which includes the process and pleadings filed in the State Court Action, is attached to this Notice of Removal as "Exhibit A."

3. In Plaintiff's First Claim for Relief, she alleges that Defendants Chemours, DuPont, DuPont Chemical, McGaughy, Long, and Johnson committed the tort of trespass to real property by releasing toxic PFAS from the Fayetteville Works Site that physically intruded onto and wrongfully entered Plaintiff's and Class Members' properties. Compl. ¶¶ 196-202.

4. Plaintiff's Second Claim for Relief alleges Defendants Chemours, DuPont, DuPont Chemical, McGaughy, Long, and Johnson committed the tort of private nuisance because the release of chemicals resulting from these Defendants' operation and ownership of the Fayetteville Works Site has caused and continues to cause substantial and significant interference with the use and enjoyment of Plaintiff's and Class Members' properties. Compl. ¶¶ 203-208. The Complaint also alleges Defendants caused injury to Plaintiff's and Class Members' health and properties and alleges a present and future need for Plaintiff and Class Members to obtain diagnostic testing. Compl. ¶ 204.

5. Plaintiff's Third Claim for Relief asserts a negligence claim against Defendants Chemours, DuPont, DuPont Chemical, McGaughy, Long, and Johnson. Compl. ¶¶ 209-220. Plaintiff alleges these Defendants breached their duty of care to Plaintiff and Class Members by, *inter alia*, releasing toxic chemicals from the Fayetteville Works Site and failing to remediate the impact and harm to Plaintiff and Class Members and their properties. *Id.*

6.  Plaintiff next asserts her Fourth Claim for Relief against Corteva and DuPont Inc. for negligence.  Comp. ¶¶ 221-228.  Plaintiff alleges that these Defendants breached their duty of care to Plaintiff and Class Members by, *inter alia*, inadequately funding Chemours.  *Id.*

7.  Plaintiff asserts her Fifth Claim for Relief for negligent failure to warn against all Defendants.  Compl. ¶¶ 229-235.  Plaintiff alleges that Defendants negligently released toxic chemicals on Plaintiff's and Class Members' properties then failed to warn Plaintiff and Class Members of the likelihood that the releases of toxic chemicals were causing contamination.  *Id.*

8.  Plaintiff's Sixth Claim for Relief is asserted only against DuPont, Corteva, and DuPont Inc.  Compl. ¶¶ 236-245.  Plaintiff alleges that these Defendants violated the North Carolina Uniform Voidable Transfer Act, *see* N.C. Gen. Stat. § 39-23.4, for their actions involved in transferring assets and liabilities to Chemours.  *Id.*

9.  Plaintiff asserts her Seventh Claim for Relief for unjust enrichment against Chemours, DuPont, and DuPont Chemical.  Compl. ¶¶ 246-250.  Plaintiff alleges that these Defendants were unjustly enriched by failing to incur costs to limit or prevent the release of toxic chemicals and failing to remediate the resulting contamination to Plaintiff and Class Members and their properties.  *Id.*

10. In Plaintiff's Eighth Claim for Relief, she alleges a civil conspiracy against Chemours, DuPont, DuPont Chemical, Corteva, and DuPont Inc.  Compl. ¶¶ 251-256.  Plaintiff alleges these Defendants conspired to perform conduct that caused the release of toxic chemicals on Plaintiff's and Class Members' properties, resulting in exposure to Plaintiff and Class Members to their detriment.  *Id.*

11. Finally, Plaintiff asserts her Ninth Claim for Relief for battery against all Defendants. Compl. ¶¶ 257-266. Plaintiff alleges that Defendants' release of toxic chemicals caused harmful and offensive contact with the intent to injure Plaintiff and Class Members. *Id.*

12. Plaintiff purports to represent a putative class defined as:

> All persons who have occupied and resided in residential properties in the geographic area served by CFPUA water from a Cape Fear River Source for cumulative time period of one year or more and consumed household water for a cumulative time period of one year or more. Compl. ¶ 181.

13. Accordingly, this case is a "class action" within the meaning of CAFA because it is brought pursuant to a "State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff purports to seek compensatory damages, disgorgement of profits and savings, punitive damages, reasonably necessary costs of diagnostic testing, and interest, costs, and attorneys fees. Compl. at 71-72, WHEREFORE (a)-(h).

## REMOVAL IS TIMELY AND VENUE IS PROPER IN THIS DISTRICT

14. The State Court Action was filed September 15, 2020. Counsel for Chemours and DuPont entered a Notice of Appearance and waived service of process on October 5, 2020, before Chemours or DuPont were formally served in the State Court Action. Accordingly, this Notice of Removal is filed within the thirty (30) day time frame provided by 28 U.S.C. § 1446(b).

15. The Eastern District of North Carolina is the federal district embracing Bladen County, North Carolina, where the State Court Action was originally filed. 28 U.S.C. § 113(a). Thus, venue is proper in this District. 28 U.S.C. § 1441(a).

## REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT

16. CAFA applies to civil class actions commenced on or after February 18, 2005. *See* Pub. L. No. 109-2 § 9, 119 Stat. 4, 14 (2005).

17. Under CAFA, this Court has original federal jurisdiction of any class action where (a) there is minimal diversity among the parties, *i.e.*, any class member and any defendant are citizens of different states; (b) there are at least 100 members in the putative class; and (c) the amount in controversy exceeds $5,000,000 in the aggregate exclusive of costs and fees. 28 U.S.C. § 1332(d)(2)(A); *see Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84-85 (2014).

## MINIMAL DIVERSITY OF CITIZENSHIP EXISTS

18. "Minimal diversity" exists if the citizenship of "*any* member of a class of plaintiffs is a citizen of a State different from *any* defendant." *See* 28 U.S.C. § 1332(d)(2)(A) (emphasis added).

19. Plaintiff's Complaint admits that several Defendants are not residents of North Carolina. *See* Compl. ¶ 3-8.

20. Indeed, The Chemours Company is and was a corporation organized outside the State of North Carolina, organized under the laws of Delaware. Compl. ¶ 3. It has and had its principal place of business outside the State of North Carolina, located in Wilmington, Delaware. Compl. ¶ 3.

21. The Chemours Company FC, LLC is and was a company organized outside the State of North Carolina, wholly owned by The Chemours Company, and had its principal place of business outside the State of North Carolina, located in Wilmington, Delaware. Compl. ¶ 4. *See Didier v. Value Place, LLC*, No. 5:10-CV-2-F, 2010 WL 11622675, at *2 (E.D.N.C. Mar. 9, 2010)

(noting that an LLC's citizenship if determined by the citizenship of its members and denying motion to remand and finding complete diversity existed where no member of an LLC was a resident or citizen of North Carolina) (citing *Ferrell v. Express Check Advance of S.C., LLC*, 591 F.3 698 (4th Cir. 2010)).

22. DuPont is and was a corporation organized outside the State of North Carolina, organized under the laws of Delaware. Compl. ¶ 6. It has and had its principal place of business outside the State of North Carolina, localed in Wilmington, Delaware. Compl. ¶ 6.

23. Likewise, DuPont, DuPont Chemical, DuPont Inc., and Corteva are also alleged to be corporations organized under the laws of Delaware, with their principal places of business outside the State of North Carolina, in Wilmington, Delaware. Compl. ¶¶ 5, 7, 8.

24. A corporation is a citizen of every state in which it is incorporated and in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). Thus, Defendants DuPont, DuPont Chemical, DuPont Inc., and Corteva are each citizens of the State of Delaware.

25. As alleged in the Complaint, Plaintiff Tammie Priselac is a resident of Wilmington, North Carolina. Compl. ¶ 2.

26. Here, minimal diversity exists as Plaintiff and all putative class members are consumers residing in the State of North Carolina and presumed to be North Carolina citizens. Thus, Plaintiff and all other putative class members are citizens of a different state than Defendants Chemours, DuPont, DuPont Chemical, DuPont Inc., and Corteva, all of which are residents of Delaware.

**THERE ARE OVER 100 MEMBERS IN THE PUTATIVE CLASS**

27. Plaintiff has brought this action on behalf of herself and a putative class of North Carolina residents "served by CFPUA water from a Cape Fear River Source for a cumulative time

period of one year or more and consumer household water for a cumulative time period of one year or more." Compl, ¶ 181.

28. The number of individuals defined by Plaintiff's putative class exceeds 100, as Plaintiff admits that the "number of owned properties exceeds five thousand" and that "[t]here are well over one thousand members of the Class who have been exposed to PFAS and/or PFECAs from the Fayetteville Works Site as described herein." Compl. ¶ 183.

## THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000

29. The amount in controversy in this lawsuit exceeds five million dollars ($5,000,000), exclusive of interest and costs, as required by CAFA. *See* 28 U.S.C. § 1332(d)(6).

30. "In determining whether the amount in controversy exceeds the $5 million jurisdictional threshold, the appropriate measure is not the amount of damages Plaintiffs will ultimately recover, but rather the alleged amount in controversy." *Hardig v. Certainteed Corp.*, No. 3:11CV535, 2012 WL 423512, at *1 (W.D.N.C. Feb. 9, 2012) (citing *Lanier v. Norfolk Southern Corp.*, 256 F. App'x 629, 631-32 (4th Cir. 2007)). And "[i]f the removing defendant meets is burden establishing the amount in controversy, 'only a legal certainty that the judgment will be less forecloses jurisdiction.'" *Id.* (quoting *Lanier*, 256 F. App'x at 631-32).

31. "The well-settled test in the Fourth Circuit for calculating the amount in controversy is 'the pecuniary result to either party which [a] judgment would produce.'" *Anthony v. Service Corp. Int'l*, No. 3:10CV642, 2011 WL 1343195, at * 3 (W.D.N.C. Mar. 18, 2011) (report and recommendation adopted, 2011 WL 1343259) (citing *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002)). Courts may look at the entire record, including the complaint, removal petition, and affidavits, to evaluate whether the amount in controversy exceeds $5,000,000. *Id.* In fact, courts have even considered damages amounts in similar cases to determine the amount in

controversy. *Id.* at *3-4 (court was "not persuaded by [plaintiff's] arguments" that defendants were prohibited from using pleadings from other lawsuits as evidence to establish the amount in controversy).

32. North Carolina allows punitive damages of $250,000, or three times the amount of compensatory damages, whichever is greater. N.C. Gen. Stat. § 1D-25. Punitive damages are properly included in the amount-in-controversy calculation. *See Peraldo v. TNOW Entertainment Grp., Inc.*, No. 1:08CV779, 2009 WL 15059, at *4 (M.D.N.C. Apr. 14, 2009).

33. Attorneys fees can be considered in evaluating the amount in controversy. *Citibank, N.A. v. Jackson*, No. 3:16-CV-00712, 2018 WL 1040100, at *2 (W.D.N.C. Feb. 23, 2018).

34. Plaintiff's Complaint seeks "compensatory damages on all counts," "an award for disgorgement of the profits and savings which were obtained by the unjust enrichment of Defendants at the expense of Plaintiff and Class Members," "an award for punitive damages," "the reasonably necessary costs of diagnostic testing for the early detection of disease," and "an award of interest, costs and attorneys fees." Compl. at 71-72, WHEREFORE (a)-(g).

35. Plaintiff does not specify a dollar amount for any category of damages sought. Plaintiff alleges that Plaintiff's and Class Members' properties, household water, water systems, structures, and other parts of their properties were contaminated by Defendants. Compl. ¶ 173. Plaintiff also alleges that Plaintiff and Class Members have been exposed to toxic substances, "causing the cost of diagnostic testing for the early detection of such illness, disease or disease process." Compl. ¶ 174.

36. Given the breadth of the alleged damages and relief sought, as well as Plaintiff's own statement as to the size of the putative class, it is apparent on the face of the Complaint that

at the time of this removal, the aggregate amount in controversy is greater than five million dollars ($5,000,000), exclusive of interest and costs.

37. Further, in a very similar putative class action currently pending before Judge Dever in the Eastern District of North Carolina against Chemours and DuPont, the plaintiffs explicitly allege that damages exceed $5,000,000, exclusive of interest and costs. *See Nix v. E.I. DuPont de Nemours and Company*, No. 7:17-CV-00201, Dkt. 132, First Am. Consolidated Class Action Compl. at ¶¶ 7, 132 (seeking compensatory and punitive damages for a class of property owners for claims of negligence, gross negligence, negligence per se, public and private nuisance, trespass, and unjust enrichment).

38. Thus, although Defendants deny that Plaintiffs or any members of the putative class are entitled to recover any amount, and deny that Plaintiff or members of the putative class are entitled to any of the relief sought, in consideration of all of the damages sought by Plaintiff's causes of action—compensatory damages, punitive damages, costs of diagnostic testing, and attorneys fees—the amount in controversy exceeds $5,000,000, thus satisfying CAFA.

39. Accordingly, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(d)(2) & (6) because this class action: (a) minimal diversity exists; (b) there are over 100 members in the putative class; and (c) the amount in controversy exceeds $5,000,000 in the aggregate exclusive of interest and costs.

## NONE OF THE EXCEPTIONS TO CAFA JURISDICTION APPLY

40. Although CAFA contains certain exceptions, none apply here.

   a. Under 28 U.S.C. § 1332(d)(4), CAFA does not extend federal diversity jurisdiction to class actions in which: (i) more than two-thirds of the members of the proposed class are citizens of the State in which the action was originally filed; (ii) at least one defendant

from whom significant relief is sought and whose alleged conduct forms a significant basis for the asserted claims is a citizen of the State in which the action was originally filed; (iii) the principal injuries occurred in the State in which the action was originally filed; and (iv) no other class action asserting similar factual allegations has been filed against any of the defendants during the previous three years.

i. Here, Defendants Chemours, DuPont, DuPont Chemical, DuPont Inc., and Corteva are not citizens of the State of North Carolina.

ii. Defendants acknowledge that Defendants McGaughy, Long, and Johnson ("North Carolina Defendants") are residents of North Carolina. *See* Compl. ¶¶ 9, 11, 13. But Plaintiffs do not seek "significant relief" from any of the North Carolina Defendants, and their conduct does not form a "significant basis" for the claims. Indeed, Plaintiff does not specify any cause of action solely against the North Carolina Defendants. Nor does Plaintiff allege any category of damages specifically against the North Carolina Defendants. Finally, Plaintiff does not point to any majority of

iii. The Fourth Circuit has held that the local controversy exception to CAFA applied where the "in-state defendants are 99.99 percent liable" and therefore meet the "significant relief" and "significant basis" factors. *Quicken Loans Inc. v. Alig*, 737 F.3d 960, 965 (4th Cir. 2013).

iv. Far from "99.99 percent liable," the North Carolina Defendants' conduct is tied solely to their employment with the other named Defendants. *See* Compl. ¶¶ 10, 12, 14-19. Plaintiff concedes that the North Carolina Defendants "were acting within the scope of their employment and

authority during the time chemicals were released to the properties of Plaintiff and Class Members and their household water supplies." Compl. ¶ 19. Plaintiff does not seek to sue the North Carolina Defendants in their individual capacities. A plain reading of the Complaint reveals the true targets of Plaintiff's suit are Chemours, DuPont, DuPont Chemical, DuPont Inc., and Corteva.

  v. Finally, a class action containing very similar allegations filed against Defendants Chemours and DuPont remains pending in this District. *See Nix v. E.I. DuPont de Nemours and Company*, No. 7:17-CV-00201 (E.D.N.C.).

  vi. Accordingly, the local controversy exception does not apply and the provisions of 28 U.S.C. § 1332(d)(4) do not preclude the exercise of federal jurisdiction.

 b. Under 28 U.S.C. §§ 1332(d)(5), CAFA does not extend federal diversity jurisdiction to class actions in which "the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief" or "the number of members of all proposed plaintiff classes in the aggregate is less than 100." Here, Defendants are not states, state officials, or other governmental entities. Further, the putative class is alleged to be well over 100 citizens. Accordingly, the provisions of 28 U.S.C. § 1332(d)(5) do not preclude the exercise of federal jurisdiction.

 c. Under 28 U.S.C. § 1332(d)(9), CAFA does not extend federal diversity jurisdiction to class actions involving solely (A) securities covered under the federal securities laws, (B) a corporation's internal affairs or governance, or (C) the "rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security." 28 U.S.C.

11
Case 7:20-cv-00190-D   Document 1   Filed 10/06/20   Page 11 of 14

§ 1332(d)(9)(A)-(C). The allegations in Plaintiff's Complaint do not relate to such claims. Accordingly, the provisions of 28 U.S.C. § 1332(d)(9) do not preclude the exercise of federal jurisdiction.

41. For the foregoing reasons, this action is removable pursuant to 28 U.S.C. §§ 1441, 1446, and 1453.

## **DEFENDANTS HAVE COMPLIED WITH ALL PREREQUISITES FOR REMOVAL**

42. Counsel for Chemours and DuPont certifies that a copy of this Notice of Removal is being filed with the Clerk of the Superior Court of Bladen County, pursuant to 28 U.S.C. § 1446(d).

43. Pursuant to 28 U.S.C. 1453(b), consent of all defendants is not required. Nevertheless, consent forms from each defendant are attached as Exhibit B.

44. Pursuant to 28 U.S.C. § 1446(a), Chemours and DuPont have not been served with any process, pleadings, or orders, but they have attached as Exhibit "A" all process, pleadings, and orders of which they are aware.

45. Chemours and DuPont reserve the right to amend or supplement this Notice of Removal and reserve all rights and defenses, including those available under Federal Rule of Civil Procedure 12.

WHEREFORE, Chemours and DuPont give notice that the above-described action pending in the Superior Court of Bladen County is removed to this Court.

Dated: October 6, 2020                    Respectfully submitted,

                                          */s/ Thomas H. Segars*
                                          Thomas H. Segars
                                          State Bar No. 29433

ELLIS & WINTERS LLP
P.O. Box 33550
Raleigh, NC 27636
Phone: 919-865-7000
Facsimile: 919-865-7010
tom.segars@elliswinters.com



 */s/ Kenneth J. Reilly*
Kenneth J. Reilly, *Appearance Under Local Civil Rule 83.1(e)anticipated*
SHOOK, HARDY & BACON, L.L.P.
201 S. Biscayne Blvd.
3200 Miami Center
Miami, FL 33131
Phone: 305-960-6907
Facsimile: 305-385-7470
kreilly@shb.com

Dave Erickson, *Appearance Under Local Civil Rule 83.1(e) anticipated*
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
Phone: 816-474-6550
Facsimile: (816) 421-5547
derickson@shb.com


***Attorneys for Defendants The Chemours Company FC, LLC, The Chemours Company, and E.I. DuPont de Nemours and Company***

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 6th day of October, 2020, a true and correct copy of the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF System and the Court's Electronic Filing System and that the undersigned has served the foregoing by having an employee of Ellis & Winters acting at the undersigned's direction send the same by depositing a copy thereof in the United States mail, postage prepaid, first class, addressed as follows:

Mark A. Sternlicht
BEAVER COURIE STERNLICT HEARP &
BROADFOOT, P.A.
State Bar No. 8519
P.O. Drawer 2275
230 Green Street
Fayetteville, NC 28302
Telephone: 910-323-4600
Facsimile: 910-323-3402
mas@beavercourie.com


Kevin S. Hannon
THE HANNON LAW FIRM, LLC
1641 Downing Street
Denver, CO 80218
Telephone: 303-861-8800
Facsimile: 303-861-8855
khannon@hannonlaw.com


*Attorneys for Plaintiffs*

                                            */s/ Thomas H. Segars*
                                            Thomas H. Segars